[Civ. No. 13167. Second Dist., Div. Two. Dec. 19, 1941.]

T. J. SLOSS, Respondent, v. GENERAL MOTORS AC-
CEPTANCE CORPORATION (a Corporation), Ap-
pellant.

A. J. Getz for Appellant.

Sprague, McClanahan, Goddard & Hunt and Richard W. Sprague for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial by jury in an action to recover damages for conversion of an automobile, defendant General Motors Acceptance Corp. appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent) the essential facts are:

April 12, 1940, plaintiff was employed by a Mr. Clifford T. Nutt, a Buick automobile dealer, as a salesman. Plaintiff entered into a conditional sales contract with Mr. Nutt, whereby he agreed to purchase a 1940 Buick automobile to use as a demonstrator. The down payment of $311.19 represented an approximate discount of $200 and about $100 cash paid by plaintiff. The balance was to be paid in installments of approximately $35 per month. Two install-ments of $35 each were paid by plaintiff.

In connection with the execution of the conditional sales contract, plaintiff executed and delivered to Mr. Nutt a supplemental agreement which provided in effect that, in the event of the termination of his employment, voluntarily or involuntarily, the full amount outstanding on the conditional sales contract should become automatically due and payable. Immediately after they were executed, the conditional sales contract and supplemental agreement were sold, assigned and transferred for a valuable consideration to defendant General Motors Acceptance Corporation.

July 10, 1940, said defendant through its agent entered the place of business of Mr. Nutt, the conditional vendor heretofore mentioned, and repossessed all of the automobiles in his place of business by reason of appropriate documents which it held. July 11, 1940, at about 8:15 a. m., said defendant through its agent demanded of plaintiff the balance due on his conditional sales contract or the possession of his automobile. Plaintiff refused to comply with either alternative, at which time defendant's agent stated that he must have the car

by 5:00 o'clock or he would swear out a warrant against plaintiff for concealing property. About 5:00 o'clock of the same day plaintiff delivered the automobile which was the subject of the conditional sales contract to defendant's employee. Thereafter said defendant offered to return to plaintiff the automobile but plaintiff refused to accept it.

Said defendant relies for reversal of the judgment on these propositions:

*First: The evidence is insufficient to support the following findings of fact:*

(1) *"That prior to and on or about July 11, 1940, and at all times hereinafter mentioned, the plaintiff was the owner and entitled to the possession of that certain 1940 Model Buick Eight-cylinder, Four Door Sedan Touring Automobile; Model Number 41, Motor Number 43921508, Serial Number 23713993."*

(2) *"That on or about said date of July 11, 1940, in the County of Los Angeles, State of California, and while said automobile was in the possession of the plaintiff, defendants, and each of them took and carried away said automobile and converted the same to their own use and refused to return the same to the plaintiff."*

(3) *"At the time of said taking and conversion by defendants, the aforesaid automobile was of the reasonable value of $1200.00, and that the reasonable value of the use of said automobile is $10.00 per day."*

(4) *"That as a result of said taking and conversion of said automobile as aforesaid, the plaintiff has been damaged in the sum of $200.00."*

(5) *"That in the taking and conversion of said automobile the defendant was guilty of oppression, fraud and malice."*

(6) *"That at the time of and during all of the happenings, transactions and events herein set forth, the defendants Sowell Slack, III, and E. G. Worth, and each of them, were acting within the course and scope of their employment."*

(7) *"That the defendant General Motors Acceptance Corporation, a corporation, authorized or ratified the alleged conversion of said automobile."*

(8) *"That the plaintiff be awarded the sum of $1,000.00 as punitive damages."*

*Second: The trial court erred in overruling appellant's objection to the following question:*

"Q. Calling your attention to the month of July, 1940, can you tell us from your experience in the automobile rental business what would be the approximate rental value per day of a 1940 Buick four-door trunk sedan, Model No. 41?"

*Third: The trial court committed prejudicial errors in instructing the jury.*

Defendant's first proposition is untenable. An examination of the record discloses substantial evidence considered in connection with the inferences which the trial jury may have reasonably drawn therefrom to sustain each and every finding of fact set forth above.

(1) There was received in evidence the conditional sales contract under the terms of which plaintiff received possession of the Buick demonstrator. Plaintiff testified that he did not quit his employment with Mr. Nutt and Mr. Nutt testified that he did not at any time discharge plaintiff. Further Mr. Nutt testified that he never went out of business. The evidence discloses in addition that on the 17th of July, 1940, Mr. Nutt resumed his relationship with defendant as a local distributor of its automobile. This evidence sustains finding No. 1, *supra.*

(2) There was testimony that defendant's agent told plaintiff on July 11 that, if the car was not turned over to them, a warrant would be obtained for plaintiff's arrest and that thereafter plaintiff turned the car over to defendant's agent. The foregoing evidence sustains finding No. 2, *supra.*

Therefore, since Mr. Nutt never ceased to do business, section 2920(b) of the Labor Code which provides in part as follows: "Every employment is terminated by any of the following: (b) Extinction of its subject," was inapplicable to the present case.

Plaintiff's testimony that he claimed unemployment insurance from July 10, 1940, and that in a certified claim to the State Labor Commissioner he answered the question, "Date of quitting or discharge:" with "July 10, 1940," does not overcome the direct testimony of plaintiff and Mr. Nutt that plaintiff in fact had not severed his connection with Mr. Nutt. This testimony merely raised a

conflict in the evidence which the trial jury determined in plaintiff's favor. It may be that the State Labor Commissioner has a cause of action against plaintiff for filing a false claim. That, however, is a matter for the State Labor Commissioner and is not an issue in the instant case.

(3) There was testimony that the Los Angeles delivered price of a new demonstrator such as the one here in question was $1185. This price did not include extra equipment, the value of which according to the testimony was $120. This testimony supports finding No. 3, *supra,* that the reasonable value of the automobile was $1200. The fact that the Kelly Blue Book showed the value as $963.80 was not conclusive and binding upon the jury but was merely evidence of the value of the car.

(4) The testimony that plaintiff had paid $170 in cash plus the fact that plaintiff was deprived of the use of his car for several months amply support the finding that plaintiff was damaged in the sum of $200, as set forth in finding 4, *supra.*

(5) The fact that defendant threatened plaintiff with arrest if he did not return the car supports finding No. 5, *supra.*

(6) and (7) The testimony disclosed that Mr. Slack was the credit manager for defendant and had charge of repossessions; also that Mr. Worth was employed under him and that he instructed Mr. Worth to go to Mr. Nutt's place of business. The foregoing evidence sustains findings No. 6 and 7, *supra.*

(8) The facts that plaintiff was deprived wrongfully of his automobile which he used in his business under threat of arrest and that the jury found plaintiff had suffered actual damage in the sum of $200, support the jury's award to plaintiff of $1000 punitive damages.

Defendant's second proposition is without merit. One of the issues in the instant case was the damage which plaintiff suffered as a result of being deprived of his automobile. One element of damage is the reasonable rental value of an automobile of the same kind. Therefore, such testimony was admissible.

Defendant's final proposition is without merit. An examination of the instructions given by the court to the jury

discloses that the claims of errors are all hypertechnical and none of them prejudicial to any of the rights of the defendant. Hence, we are compelled to disregard them pursuant to the mandate of the state Constitution, article VI, section 4½.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1942.